**Hartleb v. The Ohio Casualty Insurance Company**

*James D. McDonald*, for plaintiff Hartleb.
*William T. Jordan*, for plaintiff White.
*William J. Schaaf*, for The Ohio Casualty Insurance Company.

McCLELLAND, *J.*, April 14, 1981—The two above-captioned cases involve similar facts and raise the identical issue of law so that we have consolidated them for decision pursuant to cross motions for summary judgment.

In Hartleb, plaintiff's decedent died as a result of injuries sustained in an auto accident. At the time of his death, decedent was 27 years of age and single. Decedent is survived by his mother, the administratrix of the estate, and four sisters. It is conceded that neither his mother nor his sisters were dependent upon decedent for support.

In White, plaintiff's decedent also died as a result of an automobile accident. Decedent's parents are handicapped and decedent contributed $60 per month towards their support but it was stipulated that they were not dependent upon decedent.

In both cases, plaintiffs initially requested payment of survivors benefits and work loss benefits pursuant to the insurance policies written by defendant company and in effect at the time of decedents' deaths. However, plaintiff in White has since withdrawn her demand for survivors benefits and now challenges only defendant's refusal to pay work loss benefits. Defendant has refused payment on the grounds that work loss benefits are payable only to

dependent survivors of deceased and, in each instance, it has been stipulated that decedents' survivors were not dependents.

First, we will address the issue of plaintiff Hartleb's claim to survivors loss benefits. A lengthy discussion is unnecessary since it would only be repetitive of the holding in the case of Saur v. Travelers Insurance Company, 60 Erie 107, 1977.

In Saur, President Judge Edward Carney determined that dependency upon the deceased victim was a prerequisite to the receipt of survivors loss benefits under the Pennsylvania No-fault Motor Vehicle Act, 40 Pa.C.S.A. § 1009.101 et seq. This court adopts both the rationale and the holding of Saur so that we find we must deny survivors loss benefits to the plaintiff in Hartleb.

Only two cases have been cited by the parties on the issue of plaintiff's eligibility for work loss benefits.

Plaintiffs rely almost exclusively on the Supreme Court decision in Allstate Insurance Company v. Heffner, _____ Pa. _____, 421 A. 2d 629, 1980. In Heffner, the Pennsylvania Supreme Court determined that the spouse of a deceased was entitled to receive the work loss benefits authorized by the insurance policy and the No-fault Act. The basis for this decision turned on the finding that the legislature did not intend to differentiate between "victims" and "deceased victims" in the payment of work loss claims.

Defendant, on the other hand, cites a Philadelphia County decision, Haegele v. Pennsylvania General Insurance Company 23 D. & C. 3d 744 (1980), which held that payment of work loss benefits does require proof of dependency or a showing of "accrued economic detriment." In Haegele, the court distinguished Heffner on the grounds that Heffner dealt only with the definitional dichotomy of "vic-

tim" versus "deceased victim" and that Heffner never specifically resolved the issue of whether decedent's estate is entitled to receipt of work loss benefits which decedent would certainly have received if he or she had survived the accident.

Haegele rests on the definition of "loss" which requires a showing of "accrued economic detriment," 40 Pa.C.S.A. §1009.103. Thus, Haegele reasons, in order to show loss, the victim's survivors must prove dependency. The flaw in Haegele is that it looks to the wrong person to determine "loss." Haegele holds that the survivors must show a loss while it is clear that it is the victim's loss which the court must look to and the victim's loss which work loss benefits are calculated to compensate.

Work loss benefits are designed to compensate the victim for the economic detriment he or she sustains because of his or her injuries. Certainly, it cannot be disputed that the deceased victims do suffer economic detriment. This recognition has long been a part of our tort law which allows recovery by decedent's estate for decedent's wage loss. Therefore, so long as the No-fault Act does not distinguish between "victims" and "deceased victims," as Heffner holds it does, all victims are entitled to work loss benefits.

It follows, then, that this court finds for plaintiffs in both Hartleb and White on the issue of payment of their work loss claims.

As for the remaining issue of interest on the overdue payments, the court is bound by the decision in Hayes v. Erie Insurance Exchange, Supreme Court of Pennsylvania No. 80-1-127, filed December 5, 1980, which indicates that the rate of interest for all overdue payments, as that phrase is defined by Section 106 of the Act, 40 Pa.C.S.A. §1009.106, is to be set at 18 percent. We so hold.

We refuse, however, to award attorney's fees since defendant's refusal to pay the claims was based on good faith regarding a legitimate issue of law.